

W. Asa Hutchinson, U.S. Atty., by Larry R. McCord, Asst. U.S. Atty., Fort Smith, Ark., for plaintiff.

Robert D. Ridgeway, Jr., Hot Springs, Ark., for defendant.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

**UNITED STATES of America, Plaintiff,**

**v.**

**W.L. MASSEY, Tax Collector, of Garland County, Arkansas, Defendant.**

No. 83-6009.

United States District Court, W.D. Arkansas, Hot Springs Division.

July 15, 1983.

In this civil action, the plaintiff, United States of America, seeks judgment in the amount of $53.25 from the defendant. A motion for summary judgment has been filed by the plaintiff. After a careful review of the motion, accompanying brief, and supporting affidavit, the Court has reached the conclusion that there is no genuine issue of material fact and that summary judgment is appropriate in this case. Further, the Court has concluded the motion for summary judgment filed by the government is well-taken and should be granted.

On June 8, 1982, a decree was entered in favor of the United States in Case No. 82-6006 by the United States District Court for the Western District of Arkansas, Hot Springs Division. The decree foreclosed the lien of a real estate mortgage on property

in Garland County, Arkansas owned by William B. Cox and Tressie Cox, his wife.

Pursuant to that decree a public sale of said real property was scheduled. Rudy L. Bloom, the Liquidation Officer for the Small Business Administration, directed the Small Business Administration to submit a bid at the foreclosure sale in Hot Springs, Arkansas. On July 28, 1982, the day of the foreclosure sale, the Small Business Administration purchased certain real estate for the bid price of $30,000.00. Shortly thereafter, the United States District Court for the Western District of Arkansas issued a Deed to the United States of America.

On September 28, 1982, an auction of the real estate was held at the direction of the Small Business Administration, and the property was sold by Joe Wilson, an agent of the Small Business Administration. Andy Worley of Hot Springs purchased the real estate. Mr. Wilson was instructed by the Small Business Administration to close the sale between the government as seller and Worley as buyer. Hot Springs Title Company was selected by Wilson as the closing agent. In the final accounting, Bloom noted that $53.25 personal property taxes for William B. Cox was billed to the agency. On the same day the real estate was sold, payment of the 1981 general real estate and improvement taxes were tendered to the defendant. As a condition to the acceptance of the aforesaid tender of payment, the defendant demanded payment of personal property taxes in the amount of $53.25 owed by William B. Cox. In order to conclude the sale, the personal property taxes were paid under protest.

Demands for a refund of the $53.25 have been made by the plaintiff. All such demands have been refused. The defendant relies upon Title 84, Section 937 of the Annotated Statutes of Arkansas which requires a Tax Collector to collect personal property taxes at the time the taxpayer pays the general taxes due on real estate.

The plaintiff contends in its motion for summary judgment that it is not a taxpayer. The statute applies when the *taxpayer* pays his general real estate taxes. The Court agrees. This statute is a tax collection provision. The taxpayer *did not pay* the taxes; rather the plaintiff paid the real estate taxes. Hence, the statute does not apply in this instance. It was designed by the legislature to insure that a taxpayer would pay all taxes owed by *him* at one time. The Court is of the opinion the United States of America, as a purchaser at a foreclosure sale is not responsible for the personal property taxes. Accordingly, the motion for summary judgment shall be granted.

A separate order in accordance with this opinion shall be entered.

The findings of fact and conclusions of law are incorporated herein by reference pursuant to rule 52 of the Federal Rules of Civil Procedure.